PROVIDENCE WASHINGTON INSURANCE COMPANY *v.* HARTFORD ACCIDENT AND INDEMNITY COMPANY

SUPERIOR COURT      HARTFORD COUNTY      FILE NO. 172261

Memorandum filed October 26, 1973

*Howard F. Zoarski,* of New Haven, for the plaintiff.

*Regnier, Moller & Taylor,* of Hartford, for the defendant.

STAPLETON, J. The complaint alleges that Christine Pesillo was a passenger in an automobile operated by Robert Kerpen, Jr., and received personal injuries as a result of his negligent operation; that she brought suit against him and obtained a judgment for $16,000; that the defendant Hartford Accident and Indemnity Company insured Kerpen's vehicle but refused to acknowledge, appear in or defend the action of Christine Pesillo; that the plaintiff Providence Washington Insurance Com-

pany insured Christine under her father's policy and while the case was pending against Kerpen, it paid her $16,000 and took an assignment of her claim against Kerpen under a trust agreement. After the judgment was rendered against Kerpen the plaintiff brought this suit against the defendant as Kerpen's insurer to recover the amount the plaintiff had paid its insured.

The defendant demurred on the ground that this was a subrogation claim based upon the assignment of a personal injury claim, and against public policy and impermissible under Connecticut law. Both parties relied on the recent holding of our Supreme Court in *Berlinski* v. *Ovellette,* 164 Conn. 482, 489.

In *Berlinski* v. *Ovellette,* supra, on facts very similar to the present case, our Supreme Court declared the applicable rule of law to be as follows (p. 485): "Under common law a cause of action for personal injuries cannot be assigned, and in the absence of a statutory provision to the contrary a right of action for personal injuries resulting from negligence is not assignable before judgment."

The plaintiff seeks to distinguish *Berlinski* v. *Ovellette,* supra, from the present case on the grounds that here the plaintiff's assignor herself brought suit against the defendant's insured before any settlement with, or assignment to, the plaintiff and that she brought her claim to judgment against the tort-feasor. However, the plaintiff further alleges that the settlement was reached and the assignment made over one year prior to the judgment against the tort-feasor. The complaint also alleges that the plaintiff had to appear in that action and defend Kerpen under the uninsured motorist provisions of its policy and that the suit was settled for $16,000—the exact amount of the settlement with

the plaintiff's insured. If the plaintiff's insured had prosecuted her action to judgment first, a subsequent assignment might not violate the rule announced in *Berlinski,* supra. The court there gave apparent approval to the equitable distribution to an insurer of the proceeds of a judgment obtained before assignment where it characterized such an action as one where "the ' "control of the action or the consummation of any settlement . . . [was] exclusively in the hands of the assignor." ' " *Berlinski* v. *Ovellette,* supra, 490.

Such is not the case here, however. Here the assignment was made before judgment and it violated the public policy rule announced in *Berlinski,* supra.

The demurrer to the complaint must therefore be, and is, sustained.